IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | Case No.: 13-cr-46-PWG |
| **CORNELIUS WESTLY JENNINGS, JR.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

This Memorandum Opinion addresses Cornelius Westly Jennings, Jr.'s motion for compassionate release based on "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A). ECF Nos. 67, 70. Mr. Jennings has less than two months left to serve on a 111-month sentence, followed by five years of supervised release, for conspiracy to interfere with interstate commerce by robbery and use of a firearm during a crime of violence. He is scheduled to be transferred to community confinement in one month. Mr. Jennings argues that he is at risk of complications from COVID-19 based on his underlying medical conditions of chronic asthma and Graves Disease. For the reasons described below, Mr. Jennings' motion is granted.[1]

### Background

Mr. Jennings filed his motion in the midst of the global COVID-19 pandemic. The judges of this court have written extensively about the pandemic. *See, e.g.*, *United States v. Williams*, PWG-19-134, 2020 WL 3073320, at *1 (D. Md. June 10, 2020); *United States v. Carden*, JKB-15-0016, 2020 WL 1873951, at *1 (D. Md. Apr. 15, 2020); *United States v. Decator*, CCB-95-0202, 2020 WL 1676219 (D. Md. Apr. 6, 2020); *United States v. Bobbie Johnson*, RDB-14-0441,

---

[1] The motion is fully briefed. See ECF Nos. 67, 70, 76. A hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2018).

2020 WL 1663360 (D. Md. Apr. 3, 2020).  Repeating a full description of its unprecedented nature and impact is not necessary here.  As Judge Blake summarized, "[t]he world is now in the grip of a public health crisis more severe than any seen for a hundred years."  *Antietam Battlefield KOA v. Hogan*, CCB-20-1130, 2020 WL 2556496, at *1 (D. Md. May 20, 2020).  In short, the pandemic has created novel circumstances under which incarcerated individuals experience more difficulty taking necessary health precautions, such as frequent hand washing and practicing social distancing, and those with certain risk factors are more susceptible to severe illness from COVID-19.  *Johnson*, 2020 WL 1663360 at *1.

On February 4, 2013, Mr. Jennings was indicted on three counts of interference with commerce by robbery, in violation of 18 U.S.C. § 1951, and two counts of use of a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c).  ECF No. 14.  A Superseding Information was filed on April 18, 2013.  ECF No. 20.  On April 22, 2013, Mr. Jennings appeared before Judge Alexander Williams, Jr., waived indictment, and tendered a plea of guilty for Counts 1 and 2 of the Superseding Information for conspiracy to interfere with interstate commerce by robbery and use of a firearm during a crime of violence.  ECF Nos. 26, 27, 28.  This case was transferred to me, and on June 25, 2015, I sentenced Mr. Jennings to a term of 111 months of incarceration consisting of 27 months on Count 1 and a mandatory consecutive term of 84 months as to Count 2, followed by a term of 5 year supervised release, consisting of concurrent terms of 3 years as to Count 1 and 5 years as to Count 2.  ECF Nos. 43, 44.

Mr. Jennings' medical records show that he has been diagnosed with asthma and is prescribed an albuterol inhaler.  *See* ECF No. 78, Ex. A.  Mr. Jennings also has been diagnosed with Graves Disease, an autoimmune disorder that can lead to hyperthyroidism.  *Id.*

With the application of good time credits, Mr. Jennings is scheduled to be released on

October 16, 2020.[2] Mr. Jennings asserts that he is eligible to be transferred to community confinement, but has not yet been transferred due to COVID-19. The Government states that Mr. Jennings has a residential reentry center placement date of September 16, 2020. ECF No. 76, Ex. C. Therefore Mr. Jennings is scheduled to be released to the community in approximately one month.

Mr. Jennings filed a request for reduction in sentence on April 14, 2020 with the warden of Schuylkill Federal Correctional Institution. ECF No. 73. Thirty days have elapsed since Mr. Jennings' request was made, and on the record before me no response has been made by the Schuylkill FCI warden. Mr. Jennings then filed a pro se petition in this Court for compassionate release. ECF No. 67. Counsel was appointed to assist Mr. Jennings with his request, and counsel filed a supplemental motion on his behalf. ECF No. 70. The Government opposes Mr. Jennings' motion, and requests that if Mr. Jennings is released, that he undergoes a period of 14 days in quarantine prior to release. *Id.*

## Discussion

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020). However, there is an exception when modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). Here Defendant requests a modification of his sentence for "compassionate release" under the First Step Act, as amended.

Congress originally enacted the First Step Act in 1984. *See* Pub. L. No. 98-473, 98 Stat. 2030 (1984). The "compassionate release" provision of the 1984 First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A)(i), permitted a court to alter a sentence only upon a motion by the Director

---

[2] *See* Bureau of Prisoners, Inmate Locator, https://www.bop.gov/mobile/find_inmate/ (search results as of August 10, 2020).

of the BOP.  However, the BOP rarely used this authority.  Accordingly, in 2018 Congress amended the compassionate release mechanism when it enacted the First Step Act of 2018. *See* Pub. L. 115-391, 132 Stat. 5239 (2018).  As amended, the compassionate release provision allows the court to act on a motion for compassionate release filed by a defendant.  As revised, 18 U.S.C. § 3582(c)(1)(A) states as follows:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).  Mr. Jennings requests release based on "extraordinary and compelling reasons."  18 U.S.C. § 3582(c)(1)(A)(i).  Therefore, under the statute, I must do the following: (1) determine whether Mr. Jennings has fully exhausted all administrative remedies or 30 days have passed since the BOP received Mr. Jennings request to bring a motion for release on his behalf; (2) determine whether "extraordinary and compelling reasons" warrant a sentence reduction that is "consistent" with applicable policy statements issued by the Sentencing Commission; and (3) consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable."  In regards to the second step of this framework, I join with the majority of courts that find that 18 U.S.C. § 3582(c)(1)(A)(i) as amended grants courts with independent discretion to

4

decide whether there are "extraordinary and compelling reasons" to modify a sentence and does not require that a court defer to the Sentencing Commission's policy statements regarding this question.  *See United States v. Wise*, ELH-18-72, 2020 WL 2614816, at *7–9 (D. Md. May 22, 2020) (holding the same and collecting cases).  While not binding, the Sentencing Commission's policy statements may provide useful guidance.

1. **Administrative Exhaustion**

First, I must determine whether Mr. Jennings' motion is ripe for review.  18 U.S.C. § 3582(c)(1)(A).  I may only consider Mr. Jennings' motion if he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or 30 days have passed since warden of defendant's facility received such a request.  Judges of this court have held that it has no power to hear a motion for compassionate release if the Defendant has not exhausted his administrative remedies.  *See, e.g.*, *United States v. King*, DKC-16-0484, 2020 WL 1505900, at *1 (D. Md. Mar. 30, 2020) (vacating court's previous orders to transfer Defendants to home confinement because they had not fully exhausted their administrative remedies); *United States v. Underwood*, TDC-18-0201, 2020 WL 1820092, at *2 (D. Md. Apr. 10, 2020); *United States v. Brown*, ELH-17-475, 2020 WL 3034838, at *3 (D. Md. June 5, 2020).

The Government concedes that administrative exhaustion is satisfied in this case because 30 days have passed since the warden of Schulykill FCI received Mr. Jennings' request for compassionate release.  ECF No. 76.  I agree, and find that the administrative exhaustion requirement is satisfied.

2. **Extraordinary and Compelling Reasons and Sentencing Commission Policy Statements**

Second, I must determine whether "extraordinary and compelling reasons" warrant a

5

sentence reduction and that such a reduction is "consistent" with Sentencing Commission statements. 18 U.S.C. § 3582(c)(1)(A). The applicable Sentencing Commission policy statements are found in U.S.S.G. § 1B1.13, which recites the language of 18 U.S.C. § 3582(c)(1)(A) before it was amended in 2018, including that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." The commentary to U.S.S.G. § 1B1.13 provides four examples of what constitutes "extraordinary and compelling reasons" for a sentence reduction: (1) medical condition of the defendant; (2) age of the defendant; (3) family circumstances; and (4) a catch-all "other reasons." U.S.S.G. § 1B1.13 app. note 1(A)–(C). As noted above, I join with the majority of courts that find that the Sentencing Commission's policy statements constitute helpful guidance, but that I must make an independent determination whether extraordinary and compelling reasons warrant a sentence reduction. *See Wise*, 2020 WL 2614816 at *7-9.

This Court and others have found that the standard of extraordinary and compelling reasons was met during the COVID-19 pandemic where a defendant had a risk of serious complications from COVID-19 based on asthma and other medical conditions. *See, e.g.*, *Wise v. United States*, ELH-18-72, 2020 WL 2614816, at *2 (D. Md. May 22, 2020) (finding extraordinary and compelling reasons based on COVID-19 and history of asthma, Type 2 diabetes, heart disease, hypertension, chronic kidney disease, arthritis, gout, and age); *United States v. Park*, 16-CR-473 (RA), 2020 WL 1970603, at *3 (S.D.N.Y. Apr. 24, 2020) (finding extraordinary and compelling reasons based on COVID-19 and "documented history of respiratory issues, including asthma, and immune-compromising diseases"); *United States v. Tran*, 08-00197-DOC, 2020 WL 1820520, at *2 (C.D. Cal. Apr. 10, 2020) (finding extraordinary and compelling reasons based COVID-19 and on asthma). However, in some cases this Court and others have found that

mild asthma alone did not a constitute extraordinary and compelling reasons for release. *See United States v. Wiggins*, No. ELH-13-512, 2020 WL 4436373, at *6 (D. Md. Aug. 3, 2020) (finding "mild asthma alone is not grounds for compassionate release" and collecting cases).

Here Mr. Jennings argues that extraordinary and compelling reasons exist given the nature of the COVID-19 pandemic and that he is at high risk for complications given his asthma and Graves Disease. ECF No. 70. Further, Mr. Jennings argues that he has served the vast majority of his sentence and is not a danger to the community. *Id.* I agree. The CDC has advised that individuals who have serious underlying medical conditions, including moderate-to-severe asthma and immuno-compromised states might be at higher risk of severe illness from COVD-19. *See* CDC, *People Who Are at Higher Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html. Mr. Jennings' asthma and Graves Disease put him in this category of individuals that might be at an increased risk of serious complications.

The Government does not concede that Mr. Jennings has met his burden of establishing extraordinary and compelling circumstances. ECF No. 76. It argues that although Mr. Jennings suffers from asthma and Graves Disease, he has not carried his burden of demonstrating that they are severe enough to warrant compassionate release. *Id.* However, the medical records indicate Mr. Jennings is currently prescribed daily medication for both. For his asthma, he has been prescribed an albuterol inhaler, which he has reportedly used four times per week. *See* ECF No. 76, Ex. A at *19. For his Graves Disease, Mr. Jennings is taking thyroid medication three times per day. *See* ECF No. 76, Ex. A at *12. Therefore these are active conditions that require persistent medical attention. Therefore this case is distinguished from those like *United States v. Wiggins*, No. ELH-13-512, 2020 WL 4436373, at *6 (D. Md. Aug. 3, 2020), in which the defendant's

motion for compassionate release was based on "mild asthma alone." Therefore given his asthma and Graves Disease that place him at risk for COVID-19 complications, and based on a finding that Mr. Jennings early release of approximately two weeks would not present a danger to the community, as discussed further below, Mr. Jennings has demonstrated "extraordinary and compelling reasons" for a sentence modification.

### 3. Sentencing Factors in 18 U.S.C. § 3553(a)

Next, I must consider the sentencing factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Section 3553(a) provides that "[t]he court shall impose a sentence that is sufficient, but not greater than necessary," to comply with the following purposes: "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a). In making that determination, I must also consider "the nature and circumstances of the offense and the history and characteristics of the defendant."

Here, Mr. Jennings pled guilty to one count of conspiracy to interfere with interstate commerce by robbery and one count of use of a firearm during a crime of violence. ECF No. 28. Reflecting the seriousness of these offenses, I sentenced Mr. Jennings to a total term of 111 months of incarceration followed by a total term of 5 years of supervised release. ECF Nos. 43, 44. Mr. Jennings' has served 94 months of his sentence, and with the application of good time credits, Mr. Jennings has a release date in just two months with a residential reentry center placement date in approximately one month. The U.S. probation office has approved Mr. Jennings release plan to reside with his mother if his motion for compassionate release is granted. The Government

requests that if Mr. Jennings is released, that he undergoes 14 days of quarantine prior to release. I find that this suggestion is reasonable to promote the health and safety of Mr. Jennings' and others in the community. Therefore taking this into account, Mr. Jennings would be released to the community only two weeks early after serving 94 months of his sentence.

The Government points out that Mr. Jennings has had several disciplinary infractions while incarcerated over the last eight years. The most recent and serious of these infractions is for possessing a dangerous weapon on May 27, 2020. *See* ECF No. 67, Ex. 2. This resulted in Mr. Jennings losing 41 days of good time credit. *Id.* The record before me does not provide further information about the nature and circumstances of the offense. Nonetheless, this raises concerns about the safety of the community upon Mr. Jennings' release. However, it appears that this infraction – along with the good time credits he has earned – already has been factored in to Mr. Jennings' release date and does not warrant keeping Mr. Jennings incarcerated for an additional two weeks given the medical risks that he faces, particularly given the approved third party custody arrangement for Mr. Jennings to reside with his mother. Therefore, I find that reducing Mr. Jennings' sentence to time served plus the previously imposed term supervised release and releasing him to a third party custodian approved by the U.S. Probation Office would amount to a sentence that is "sufficient, but not greater than necessary" to provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed medical care, satisfying the sentencing factors under 18 U.S.C. § 3553(a).

## **Conclusion**

Mr. Jennings' Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), ECF Nos. 767, 70, is granted. I find extraordinary and compelling reasons for release based on his asthma and Graves Disease in the midst of the COVID-19 pandemic and that his early release of approximately two weeks after serving 94 months in prison would not present a danger to the

community.  He also has satisfied the administrative exhaustion requirements for compassionate release and the sentencing factors under 18 U.S.C. § 3553(a) weigh in favor of release.  Mr. Jennings' sentence is reduced to time served.  The previously ordered term of supervised release remains in effect.  Mr. Jennings will remain in quarantine for 14 days before he is released.  An Order will issue separately.

Date: <u>August 17, 2020</u>                                             <u>        /S/                      </u>
                                                                                        Paul W. Grimm
                                                                                        United States District Judge